UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X   Case No.
MARITZA MANZANO AND CARLOS DAVID MELLADO
AGUILAR,                                                                       **COMPLAINT**

                Plaintiff,

        -against-                                                      **PLAINTIFF DEMANDS
                                                                               A TRIAL BY JURY**

STAGEDOOR ENTERPRISES, INC., STAGEDOOR MANOR
WORKSHOPS LLC, and CAITLYN HAYSLETT,

                Defendants.
---------------------------------------------------------------------------X

Plaintiffs, Maritza Manzano and Carlos David Mellado Aguilar by their attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiffs complain pursuant to <u>42 U.S.C. §1981</u>, <u>Title VII of the Civil Rights Act of 1964</u>, as amended, 42 U.S.C. §2000e *et. seq.*, the <u>New York State Human Rights Law</u>, New York State Executive Law § 296 ("NYSHRL"); and seek damages to redress the injuries Plaintiffs have suffered as a result of being **discriminated against and subjected to a hostile work environment** on the basis of their **Race (Hispanic)**, and **National Origin (Mexican).**

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 1981, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiffs brought under state law pursuant to 28 U.S.C. §1367.

1

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b), as the acts complained of occurred therein.

**PROCEDURAL PREREQUISITES**

5. Plaintiffs filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated 7/18/22 with respect to the herein chargers of discrimination (the "Notice"). A copy of the Notice is annexed hereto. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

7. This Action is being commenced within 90 days of receipt of said Right to Sue Notices.

**PARTIES**

8. That at all times relevant hereto, Plaintiffs Maritza Manzano ("Plaintiff Manzano") and Carlos David Mellado Aguilar ("Plaintiff Mellado") were residents of the State of New York and Sullivan County.

9. That at all times relevant hereto, Defendant Stagedoor Enterprises, Inc. ("Stagedoor") was a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, and operating a place of business located at 15 Stagedoor Drive, Loch Sheldrake, NY 12759, in the Sullivan County, State of New York.

10. That at all times relevant hereto, Defendant Stagedoor Manor Workshops LLC ("Stagedoor Manor") was a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, and operating a place of business located at 15 Stagedoor Drive, Loch Sheldrake, NY 12759, in the Sullivan County, State of New York.

11. That at all times relevant hereto, Plaintiffs were employees of Defendants.

12. That at all times relevant hereto, Defendant Hayslett ("Defendant Hayslett") was an

employee of Defendants, holding the position of "Kitchen Manager." Upon information and belief, Defendant Hayslett is a Caucasian female.

13. That at all times relevant hereto, Defendant Hayslett was Plaintiffs' supervisor and had supervisory authority over Plaintiffs.

14. That at all times relevant hereto, Defendants Stagedoor, Stagedoor Manor and Caitlyn Hayslett are collectively referred to herein as "Defendants."

## MATERIAL FACTS

15. From on or about May 2021 until on or about August 2021 Plaintiffs worked for Defendants as a "Kitchen Assistants" at Defendants' camp located at 15 Stagedoor Drive, Loch Sheldrake, NY 12759.

16. At all times relevant hereto, Plaintiffs worked for Defendants approximately forty (40) hours per week.

17. Plaintiffs Maritza Manzano and Carlos David Mellado Aguilar are Hispanic and Mexicans.

18. Since the beginning of their employment Defendant Caitlyn would make discriminatory comments to Plaintiffs.

19. On several occasions, Defendant Hayslett told Plaintiffs "Mexicans are ignorant and they don't know English".

20. On several occasions, Defendant Hayslett would called Plaintiff Manzano "skinny bitch".

21. On or about June 2021, Plaintiffs complained with Ms. Cindy Doe and Ms. Chris Armbrister ("Camp Directors") about Defendant Hayslett.

22. Plaintiffs' complaints were ignored and they were told that Defendant Hayslett's personality was" like that" and were directed to ignore her. Instead of addressing Plaintiffs' complaints, Defendants responded by subjecting Plaintiffs to increased

scrutiny at work and subjecting them to even worse conditions.

23. In or around July 2021, Defendant Hayslett locked Plaintiff Manzano's in a closet for in or around 15 minutes.

24. Plaintiff Manzano, terrified started screaming for help, and started punching the door until it was unlocked by someone.

25. Plaintiff Manzano was shaking and in a state of shock.

26. Defendant Hayslett also began constantly pulling and push Plaintiffs at work.

27. On several occasions, Defendant Hayslett called Plaintiffs "stupid" and "ignorant" because they did not speak English and were Mexican.

28. On some occasions, Plaintiff Manzano would ask her coworkers or Defendant Hayslett to please translate a word or explain the tasks that she was assigned to do, Defendant Hayslett would respond saying "You are so ignorant. Don't they teach you English in Mexico?"

29. On one occasion, Defendant Hayslett grabbed a burnt cake and showed it to Plaintiff Mellado and said "this burned cake is as brown as you" and threw it to the garbage.

30. On or around August 2021, Plaintiffs complained again regarding Defendant Hayslett's behavior but no action was taken.

31. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

32. **<u>Plaintiffs were treated differently by Defendants, solely due to their race and national origin.</u>**

33. But for the fact that Plaintiffs are Hispanic and Mexicans, Defendants would not have treated them differently.

34. Defendants' actions and conduct were intentional and intended to harm Plaintiffs.

35. The above are just some of the ways Defendants discriminated against Plaintiffs while employing them.

36. Plaintiffs' performance were, upon information and belief, exemplary during the course of their employment with Defendants.

37. Plaintiffs have been unlawfully discriminated against, humiliated, degraded and belittled, and as a result, suffers the loss of rights, emotional distress, loss of income, and earnings.

38. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiffs, Plaintiffs have suffered severe emotional distress.

39. As a result of the acts and conduct complained of herein, Plaintiffs have suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiffs have further experienced severe emotional distress.

40. As a result of the above, Plaintiffs have been damaged in an amount which exceeds the jurisdiction limits of the Court.

41. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiffs demand Punitive Damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER 42 U.S.C. §1981**
**(Not Against Individual Defendants)**

42. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

43. 42 U.S.C. § 1981 states in relevant part as follows:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and

property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. §1981

44. Plaintiffs, who are Hispanic and Mexicans, were discriminated against because of their race and national origin as provided under 42 U.S.C. §1981 and has suffered damages as set forth herein.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER 42 U.S.C. §1981
### (Not Against Individual Defendants)

45. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

46. By the acts and practices described above, Defendants retaliated against Plaintiffs for their opposition to unlawful discrimination under 42 U.S.C. §1981.

47. Defendants acted with malice and/or reckless indifference to Plaintiffs' statutorily protected rights.

48. As a result of Defendants' discriminatory acts, Plaintiffs have suffered and will continue to suffer irreparable injury, emotional distress, and other compensable damage unless and until this Court grants relief.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

49. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

50. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiffs complain of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race and/or national origin.

51. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiffs because of their race and/or national origin.

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

52. Plaintiffs repeat and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

54. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiffs with respect to the terms, conditions or privileges of employment because of their opposition to the unlawful employment practices of Defendants.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK STATE EXECUTIVE LAW**
**(Against All Defendants)**

55. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was

more fully set forth herein at length.

56. The New York State Executive Law § 296(1)(a) provides that, "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57. Defendants engaged in an unlawful discriminatory practice in violation of the New York State Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiffs because of their race (Hispanic) and national origin (Mexicans).

### AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK STATE EXECUTIVE LAW (Against All Defendants)

58. Plaintiffs repeat and reallege each and every paragraph above as if said paragraph was more fully set forth herein at length.

59. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

60. Defendants have engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiffs because of Plaintiffs' engagement in an activity protected under this law.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION

**UNDER THE NEW YORK STATE EXECUTIVE LAW**
**(Against Individual Defendants Only)**

61. Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any acts forbidden under this article, or attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296 by aiding, abetting, inciting, compelling, and coercing the discriminatory and retaliatory conduct complained of herein.

**JURY DEMAND**

64. Plaintiffs request a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiffs respectfully request a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.,* the New York State Human Rights Law § 296 *et. seq.*, and in that Defendants discriminated against Plaintiff on the basis of their race (Hispanic), and national origin (Mexican);

B. Awarding damages to Plaintiffs for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiffs compensatory damages for mental and emotional injury, distress, pain and suffering and injury to their reputation in an amount to be proven;

D. Awarding Plaintiffs punitive damages;

E. Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
July 27, 2022

                                                  **PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC**

By: _/s/ Shawn Clark_
Shawn R. Clark, Esq.
*Attorneys for Plaintiffs*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
sclark@tpglaws.com

10

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/18/2022

**To:** Maritza Manzano
c/o Phillips & Associates, Attorneys at Law, PLLC 45 Broadway, Suite 430
New York, NY 10006
Charge No: 520-2022-06316

EEOC Representative and email:   Michell ChangQui
Federal Investigator
michell.changqui@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2022-06316.

On behalf of the Commission,

Digitally Signed By:Judy Keenan
07/18/2022

Judy Keenan
District Director

**Cc:**

Shawn Clark
Phillips & Associates, Attorneys at Law, PLLC
sclark@tpglaws.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 520-2022-06316 to the District Director at Judy Keenan, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/18/2022

To: Carlos D. Aguilar
c/o Phillips & Associates, Attorneys at Law, PLLC 45 Broadway, Suite 430
New York, NY 10006
Charge No: 520-2022-06321

EEOC Representative and email: Michell ChangQui
Federal Investigator
michell.changqui@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2022-06321.

On behalf of the Commission,

Digitally Signed By: Judy Keenan
07/18/2022

Judy Keenan
District Director

Cc:

Shawn Clark
Phillips & Associates, Attorneys at Law, PLLC
pakyalvarado@hotmail.es

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 520-2022-06321 to the District Director at Judy Keenan, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.